FILED

2023 May-23  AM 11:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| TAMMY JETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 2:23-cv-00168-JHE |
| | ) | |
| SOUTHERN TIRE MART, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Tammy Jett ("Jett") commenced this action by filing a two-count complaint alleging that Defendant Southern Tire Mart, LLC ("Southern Tire" or "Defendant") violated the Equal Pay Act and 42 U.S.C. § 1981, by paying men, including black men, more than it paid her, a white female, for the same labor.  (Doc. 11).  Defendant Southern Tire moves to dismiss Jett's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), contending Jett's claims are "inadequately pleaded" and are "not supported by factual allegations that can push the claims 'across the line from conceivable to plausible.'" (Doc. 6 at 1) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Jett has filed a response brief, contending, *inter alia*, that the motion to dismiss should be denied.  (Doc. 11).  The motion is fully briefed.  (Docs. 6 & 11).  For the reasons stated below, Southern Tire's motion to dismiss (doc. 6) is **DENIED**.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 12).

## I. Factual Allegations[2]

Jett is a resident of Birmingham, Alabama and worked for Southern Tire within the Northern District of Alabama. (Doc. 1 at ¶ 3). Southern Tire is registered to do business in Alabama and engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), (s). (*Id.* at ¶ 4).

Jett is a Caucasian (white) female. (Doc. 1 at ¶ 6). Southern Tire hired Jett on or about August 31, 2020, and employed Jett as a driver to work at its wholesale warehouse located at 91 Carson Road North, Birmingham. (*Id.* at ¶¶ 7-9). Southern Tire initially paid Jett $ 13.00 per hour, but later paid Jett $ 15.00 an hour. (*Id.* at ¶¶ 10-11). On April 21, 2022, Southern Tire began paying Jett $ 17.00 per hour. (*Id.* at ¶ 12). In paragraphs 13 through 52, Jett names eight Black men who also work at Southern Tire and alleges that Southern Tire pays all of them more than it pays her for work at the same location – its wholesale warehouse in Birmingham. (*Id.* at ¶¶ 13-52).

Jett further alleges Southern Tire does not have a seniority system to determine drivers' rates of pay. (Doc. 1 at ¶ 54). However, if Southern Tire were to implement a "seniority system," Jett alleges she would have more seniority than the individual Black men named in her complaint. (*Id.* at ¶ 55). Southern Tire does not have a merit system or other system to determine its drivers' rate of pay based on the quantity or quality of the drivers' production. (*Id.* at ¶¶ 56-57).

In support of her Equal Pay claim, Jett alleges that she and all similarly situated drivers

---

[2] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In other words, the "facts" are taken directly from the complaint.

that Southern Tire employed obtained daily paperwork for their routes, loaded their trucks with tires, drove to each delivery stop, unloaded the tires, had the customer sign for the delivery, and proceeded to the next stop(s) to do the same.  (Doc. 1 at ¶ 64).  At the end of the day, the drivers would finish their paperwork, turn that paperwork into their supervisor, and provide any cash received for purchased material.  (*Id.*).  Jett alleges that for the three years preceding her complaint, Southern Tire paid her a lower rate than it paid male drivers working in the same location and performing substantially similar labor.  (*Id.* at ¶ 66).  In support of her 42 U.S.C. § 1981 pay discrimination claim, Jett incorporates previously made allegations and then alleges that during the three years prior to filing her complaint, Southern Tire paid Black male drivers working in the same location and performing substantially similar labor more than it paid her.  (*Id.* at ¶¶ 68-71).

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557). Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a

facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp*., 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. Analysis

#### A. Count One – Equal Pay Act

Defendant Southern Tire contends Jett fails to state a claim pursuant to the Equal Pay Act ("EPA") because her complaint contains only a "broad generalization of drivers" and that is insufficient to support an allegation that she and those drivers perform "substantially similar" labor. (Doc. 6 at 4). Southern Tire further argues that Jett does not allege her work is "substantially equal" to the drivers who are paid a higher rate. (*Id*.).

A plaintiff asserting a claim pursuant to the EPA bears the initial burden to show that her employer paid her "at a rate less than the rate at which" it paid a male employee "for equal work in jobs the performance of which requires equal skill, effort, and responsibility," and that she and that male employee worked "in the same establishment." *Strickland v. Synovus Bank*, Case No.: 2:19-cv-1195-AMM, 2021 WL 4860441, at *5 (N.D. Ala. Sept. 7, 2021) (citing *Mulhall v. Advance Sec., Inc*., 19 F.3d 586, 590 (11th Cir. 1994) (quoting 29 U.S.C. § 206(d)) (internal quotation marks omitted). That showing establishes a *prima facie* case under the Equal Pay Act. *See id.* A claim under "the EPA does not require ... proof of intentional discrimination." *Ledbetter v. Goodyear Tire & Rubber Co*., 550 U.S. 618, 640 (2007), *superseded by statute on other grounds*.

Jett has sufficiently pled that she, a female employee, does the same work as her male counterparts but does not receive the same rate of pay.  (Doc. 1 at ¶¶ 2, 13-16, 18-21, 27, 32, 37, 42, 47, 52-53, 64).  This is sufficient at this stage of the litigation.  Although the EPA allows for differences in pay between men and women, the employer must prove one of four affirmative defenses to justify a difference.  *See* 29 U.S.C. § 206(d) (creating exceptions for systems based on seniority, merit, quantity or quality of production, or other differential factors).  Not only does Jett's complaint include facts to undermine at least some of these affirmative defenses (*see* doc. 1 at ¶¶ 54-57), but it is not a plaintiff's burden to preemptively disprove an affirmative defense in her initial pleading. *See Bergquest v. Fidelity Info. Servs., Inc.*, No. 05–16792, 2006 WL 1813896, at *2 (11th Cir. June 30, 2006) ("The purpose of requiring that an affirmative defense be pled in the answer, however, is to provide notice to the opposing party 'of the existence of certain issues.'").  For these reasons, Southern Tire's motion to dismiss Jett's EPA claim is **DENIED**.

### B.  Count Two – Pay Discrimination

Defendant Southern Tire also contends that Jett's complaint fails to allege discrimination based on race "beyond a 'mere possibility[.]'" (Doc. 6 at 4-5) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Specifically, it alleges Jett does not allege that Southern Tire "made pay rate decisions based on race or that her lower rate of pay was because of her race." (*Id.*).

To establish a *prima facie* case of disparate pay, or pay discrimination, Jett must demonstrate that she held a position "similar to that of a higher paid employee who is not a member of [her] protected class."  *Davis v. Dunn Const. Co., Inc.*, 872 F. Supp. 2d 1291, 1309 (N.D. Ala. 2012) (quoting *Crawford v. Carroll*, 529 F.3d 961, 974–75 (11th Cir.2008)).  This "comparator" to whom Jett must compare herself "must be similarly situated in all relevant aspects," *id.* (quoting

*Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir.1997)), and "must be nearly identical to" Jett (i.e., the plaintiff). *Id.* (citing *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir.2004)).

Jett has identified her race, rate of pay, and people outside of her protected class that she alleges are paid a higher wage, and she has alleged that their work and labor is the same as hers. (Doc. 1 at ¶¶ 6, 10-12, 13-51, 64). This is sufficient. First, a complaint alleging discrimination may survive a motion to dismiss if it alleges a *prima facie* case. *Smith v. Healthcare Authority for Baptist Health*, CIVIL ACTION NO. 2:20cv887-MHT, 2022 WL 857036, *2 (N.D. Ala. Mar. 22, 2022) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). Also, because a plaintiff who asserts a discrimination claim can prevail on the merits simply by establishing a *prima facie* case (provided the defendant fails to meet its burden of articulating at least one legitimate, non-discriminatory reason for its challenged action), it does not make sense to require her to plead anything more than a *prima facie* case to proceed beyond this stage. *Id.* at 2 (citing *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

Because Jett sufficiently alleges a *prima facie* case of discrimination based on race, Southern Tire's motion to dismiss her 42 U.S.C. § 1981 pay discrimination claim is **DENIED**.

### IV. Conclusion

Because Jett adequately states her claims, Southern Tire's motion to dismiss (doc. 6) is **DENIED**. The parties are reminded to review the undersigned's Order Regarding Compliance with Rule 26(f) (doc. 9) and Initial Order Governing All Further Proceedings (doc. 13).

DONE this 23rd day of May, 2023.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE